**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JORGE ANIBAL CIFUENTES-
HERNANDEZ,

           Petitioner,

  v.

ERIC H. HOLDER, Jr., Attorney General,

           Respondent.

No. 09-70332

Agency No. A097-907-752

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

    Jorge Anibal Cifuentes-Hernandez, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's decision denying his application for

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008), applying the new standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

The record does not compel the conclusion that Cifuentes-Hernandez established changed or extraordinary circumstances excusing his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5). Accordingly, we deny the petition as to his asylum claim.

Substantial evidence supports the agency's adverse credibility finding based both on the omission from Cifuentes-Hernandez's asylum application of his brother's death and on inconsistencies between his application, his sworn statement, and his testimony regarding the basis for his claim. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under totality of circumstances). Further, the agency was not compelled to accept his explanations. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Accordingly, in the

absence of credible testimony, his withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In addition, Cifuentes-Hernandez's CAT claim fails because it is based on the same statements the agency found not credible, and the record does not otherwise compel a finding it is more likely than not he would be tortured if returned to Guatemala. *See id.* at 1156-57.

Finally, Cifuentes-Hernandez's due process claims are belied by the record.

**PETITION FOR REVIEW DENIED.**

09-70332